By the Court,

Sutherland, J.
The note was transferred to the plaintiff after it became due, and was of course subject to any defence which existed against it in the hands of the original payee. Whitaker, who. alone appeared and defended the suit, contended that the note was given for an individual debt of Norcott to Roy, for which Norcott had no authority to give the partnership paper. There is no circumstance whatever in the case to show that Whitaker had any knowledge of the arrangement between Roy and Norcott, by which the latter was authorized to collect the rent due to Roy and use it in the grocery business, either before or after such arrangement was made, or that Ñorcott applied the money to the use of the firm. The only fact from which it was supposed that inference could possibly be drawn was, that some time before, Whitaker had ‘applied to Roy for a loan of $50 for the partnership, but Roy declined making the loan. How long this was before the note in question was given, does not appear; and there is nothing to authorize the conclusion that there was any connection between the two transactions. I think, therefore, the court should have charged, as they were requested by the defendant’s counsel, that the plaintiff could not recover unless Ñorcott applied the money for which the note was given to the use óf the firm, and with the knowledge and approbation of Whitaker. This was the doctrine distinctly held by this court in Jaques and others v. Marquand, 6 Cowen, 497, a case very analogous to this, so far as the application of this principle is concerned.
Judgment reversed, and venire de novo.